UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DERRICK LEVON PLATT,

          Petitioner,

v.

MICHAEL KNIGHT,

          Respondent.

Civ. No. 22-5717 (RMB)

**OPINION**

---

**RENÉE MARIE BUMB, U.S.D.J.**

**I.    INTRODUCTION**

    Petitioner Derrick Levon Platt, a federal inmate[1] serving a 210-month sentence for drug-related convictions, seeks a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is scheduled to be released from federal custody in June 2024, and he argues in his § 2241 petition that his release date should have been 17 months earlier—which, if true, would entitle him to immediate release—either because the district judge who sentenced him should have granted him a downward departure of 17 months to account for time he spent in state custody before the federal sentence was imposed, or because he was entitled to 17 months of credit against his federal sentence

---

[1] Petitioner is currently incarcerated at FCI Williamsburg in South Carolina. *See* https://www.bop.gov/inmateloc/ (search for "Derrick Levon Platt") (last visited October 28, 2023). He was incarcerated at FCI Fort Dix in New Jersey when he filed this petition. ECF No. 1 ¶ 4.

for that time. Either way, for the reasons given below, the petition lacks merit and will be dismissed.

## II.  BACKGROUND

### A. Factual Background

Petitioner was arrested by South Carolina state authorities in March 2009 for drug-related offenses and sentenced to a 5-year term of imprisonment in state prison. *See* ECF No. 13-1 (Decl. of BOP Management Analyst Tiffany Farmer ("Farmer Decl.")) ¶ 4 & Exhs. A & B.  In October 2009, while he was in state custody, a grand jury in the District of South Carolina returned a federal indictment charging him with drug-related offenses in violation of 21 U.S.C. § 841. *See United States v. Platt*, No. 09-cr-1146 (D.S.C.) ECF No. 1 (Indictment).

In July 2010, Petitioner was temporarily transferred from state custody into federal custody and a federal district judge sentenced him, as relevant here, to 292 months' imprisonment, which was "to run concurrently to the sentence [he was] currently serving at the S.C. Department of Corrections." *Id.* ECF No. 64 (7/29/2010 Criminal Judgment). He was then transferred back to state custody to continue serving his state sentence. Farmer Decl. ¶ 4(g) & Exh. D. While still in state custody, he filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate his federal sentence, arguing that he had been sentenced based on an incorrect drug quantity and that his attorney had been ineffective; the sentencing court denied that motion on the merits in April 2013. *Platt*, No. 09-cr-1146 ECF Nos. 71 (§ 2255 motion) & 91, 92 (orders denying §

2255 motion). In 2013, upon completion of his state sentence, he was transferred into federal custody to complete his federal sentence, Farmer Decl. ¶ 4(h) & Exh. D.

In the ensuing years, Petitioner, through counsel, filed two successful motions to reduce his sentence, first from 292 months to 262 months, *see* No. 09-cr-1146 (D.S.C.), ECF No. 133 (order granting motion to reduce sentence), then from 262 to 240 months, *id.* ECF No. 155 (amended judgment stating that sentence was reduced to 240 months but all other components of sentence would remain the same).

In October 2021, following a remand from the Fourth Circuit, the sentencing judge re-calculated Petitioner's advisory range under the U.S. Sentencing Guidelines, determined it to be 210 to 262 months of imprisonment, and, upon consideration of the factors in 18 U.S.C. § 3553(a), reduced Petitioner's sentence a third time, to 210 months. *Id.* ECF No. 173. In so doing, the sentencing judge rejected Petitioner's argument that he was entitled to an additional downward departure or variance of 17 months due to the time he had spent in state custody, finding that 18 U.S.C. § 3585(b)—which governs credit for prior custody—"does not authorize a district court to award time-served credit at sentencing," and thus that "a district court is without jurisdiction to make the initial determination to award sentence credit for time spent in official detention." *Id.* Rather, the court found, the power to "compute sentence credit awards after sentencing" lies with the Bureau of Prisons. *Id.* The court accordingly held that Petitioner was required to challenge the issue of prior custody

3

credit in a § 2241 habeas petition. *Id.* An amended judgment imposing a sentence of 210 months was entered. *Id.* ECF No. 175.

On appeal, Petitioner, represented by counsel, argued that the district court erred by "refusing to address [Petitioner's] argument for a reduction in sentence due to time that he served on a state sentence involving conduct similar to his federal criminal offense." *United States v. Platt*, No. 21-4590 (4th Cir.) ECF No. 21 (Petitioner's Brief). Specifically, counsel argued, the district court had erred by treating Petitioner's argument as a request under 18 U.S.C. § 3585(b), when it should have recognized its authority under U.S. Sentencing Guidelines § 5G1.3 to "adjust or otherwise reduce a sentence in light of time served credit that will not be awarded by the Bureau of Prisons." *Id.* at 12 (pdf pag.). The Fourth Circuit agreed with Petitioner in part, finding that the district court had erred by relying on 18 U.S.C. § 3585.[2] *See United States v. Platt*, No. 21-4590, 2023 WL 1461996 (4th Cir. Feb. 2, 2023). But it nonetheless affirmed, explaining that § 5G1.3(b) was inapplicable because that section only applies if the undischarged term of imprisonment "resulted from another offense that is relevant conduct to the instant offense," and Petitioner had not challenged the district court's finding that the conduct that led to his state offense was not relevant conduct. *Id.* And § 5G1.3(d) did not help Petitioner because that section "does not authorize an

---

[2] The Fourth Circuit's summary order cites 18 U.S.C. § 3583 rather than § 3585, but this appears to be a typographical error, as the district court cited § 3585 and Petitioner's counseled brief in the Fourth Circuit cited § 3585 in arguing that the district court had erred. In any event, to the extent there is a discrepancy, it is immaterial to the disposition of this habeas petition.

4

adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." *Id.*

### B. The Habeas Petition

Petitioner, proceeding pro se, filed this habeas petition in September 2022, i.e., after the sentencing judge stated that Petitioner was required to pursue his claim under § 2241, and while his appeal of that decision was pending. ECF No. 1 (Petition). He reiterates arguments similar to those he advanced in the Fourth Circuit, i.e., that when he was sentenced (and re-sentenced) he was entitled—under 18 U.S.C. § 3584[3] and U.S.S.G. §§ 5G1.3 & 5k2.23—to a reduction of 17 months "in recognition of time served credit, that is part of an undischarged term of imprisonment for relevant conduct." *Id.* at 11.

In response, Respondent argues that the Court should dismiss the petition for lack of jurisdiction because it challenges the validity, rather than execution, of Petitioner's sentence. In the alternative, Respondent argues that the BOP properly calculated Petitioner's sentence. Petitioner thereafter filed a "motion for summary judgment" requesting that the Court render judgment on his § 2241 petition. ECF No. 14.

---

[3] As noted above, in Petitioner's counseled filings in the District of South Carolina and the Fourth Circuit, he relied primarily on 18 U.S.C. § 3585(b), which provides that a defendant "shall be given credit" for time spent in custody prior to the date the sentence commences as long as that time "has not been credited against another sentence." In his current habeas petition, Petitioner relies primarily on 18 U.S.C. § 3584, which addresses a district court's authority to impose concurrent and consecutive sentences. Again, the discrepancy, if there is one, is immaterial because either way Petitioner is challenging the propriety of his 210-month sentence.

For the reasons that follow, the Court agrees with Respondent that subject matter jurisdiction is lacking and will dismiss the petition for lack of jurisdiction.

## III.  DISCUSSION

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001) (quoting 28 U.S.C. §§ 2241(a) & (c)(3)). Such a petition "may properly be used to challenge the execution of a criminal sentence," but "may normally not be used to challenge the validity of the conviction or sentence themselves." *Bond v. Warden of Fort Dix*, No. CV 21-17600, 2022 WL 3337758, at *2 (D.N.J. Aug. 12, 2022); *see also Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). Generally, a federal prisoner seeking to challenge the validity of his sentence, as opposed to the calculation or execution of it, must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Flores v. Kodger*, No. 22-3750, 2022 WL 2187996, at *2 (D.N.J. June 17, 2022) (internal quotation marks and citation omitted).

Here, although Petitioner claims to challenge the calculation of his sentence, he is in truth challenging its validity, i.e., the determinations of the sentencing judge and Fourth Circuit that his sentence of 210 months was proper, and that he was not entitled to an additional 17 months' reduction under either the Sentencing Guidelines or the

relevant sentencing statutes. *See, e.g.*, ECF No. 1 (habeas petition) at 12–13 (arguing sentencing judge misapplied U.S.S.G. § 5G1.3 by failing to adjust sentence). In other words, he is attempting to relitigate here the propriety of his 210-month sentence, which has already been determined by the sentencing court and the Fourth Circuit, as described above. In similar circumstances—i.e., where defendants seek to use § 2241 to argue that their sentences were erroneously imposed in the first instance—courts dismiss the petitions for lack of jurisdiction. *See, e.g.*, *Perry v. Hollingsworth*, No. 14-1243, 2014 WL 3954926, at *2 (D.N.J. Aug. 13, 2014) (finding court lacked jurisdiction under § 2241 to consider petitioner's argument "that his federal sentence should be concurrent pursuant to U.S.S.G. § 5G1.3"), *aff'd sub nom. Perry v. Warden Fort DIX FCI*, 609 F. App'x 725 (3d Cir. 2015); *Campbell v. Shartle*, No. 14-1681, 2014 WL 1407721, at *1 (D.N.J. Apr. 11, 2014) (dismissing § 2241 petition for lack of jurisdiction where petitioner argued he was entitled to sentence reduction because had been "improperly categorized as a violent felony in his federal criminal proceedings"); *Kaetz v. United States*, No. 22-1003, 2022 WL 14844131, at *2 (D.N.J. Oct. 25, 2022) (dismissing § 2241 petition for lack of jurisdiction where petitioner challenged his home detention as being inconsistent with the Sentencing Guidelines, because that period of home detention had been "expressly imposed by his sentencing judgment"); *Burpee-El v. Warden, Fort Dix*, No. CIV. 10-2200, 2010 WL 4628031, at *8 (D.N.J. Nov. 8, 2010) (explaining that "a claim that the prison officials are executing the petitioner's sentence wrongfully because that sentence was 'illegally imposed' is not a challenge cognizable under Section 2241, since such challenge is nothing but an attack on the

7

petitioner's conviction and/or sentence, and it must be raised under § 2255 in the sentencing court").

In sum, Petitioner may not challenge the correctness of his 210-month sentence under § 2241; such a challenge must be pursued, if at all, with the sentencing court in a motion pursuant to 28 U.S.C. § 2255.[4] The petition is accordingly dismissed for lack of jurisdiction.[5] An appropriate order will follow.

Dated: December 13, 2023             s/Renée Marie Bumb
                                                   HON. RENÉE MARIE BUMB
                                                   Chief United States District Judge

---

[4] Respondent argues that if Petitioner were to file another § 2255 motion, such a motion would be "second or successive," and would not fall within the narrow exceptions applicable to such motions. ECF No. 13 at 17–18 (pdf pag.). This position is questionable; Petitioner's first § 2255 motion was filed in 2011 and denied in 2013. *United States v. Platt*, No. 09-cr-1146 (D.S.C.) ECF Nos. 71 & 92. Petitioner was re-sentenced several times since then, and the most recent amended judgment was entered in October 2021. *Id.* ECF No. 175. The docket in Petitioner's criminal case does not reflect that any § 2255 motion has been filed since the most recent amended judgment was entered; it thus appears that if Petitioner were to file a § 2255 motion now, it would not be second or successive because it would be the first § 2255 motion challenging the most recent amended judgment. *See Magwood v. Patterson*, 561 U.S. 320 (2010) (holding that a "first application challenging [a] new sentence . . . is not 'second or successive' under § 2244(b)"); *In re Gray*, 850 F.3d 139 (4th Cir. 2017) (finding that when there is a "new, intervening judgment," "the prisoner's first habeas petition to challenge that new judgment is not second or successive"). Moreover, if Petitioner were to file a § 2255 motion now, it appears that it would be timely because Petitioner's appeal of the amended judgment was resolved less than a year ago. The Court notes these issues in passing; the propriety and timeliness of Petitioner's § 2255 motion, if he were to file one, must be resolved by the sentencing court.

[5] Because Petitioner is challenging the validity of his sentence rather than its calculation or execution, his petition is dismissed for lack of jurisdiction. To the extent, however, that the petition could be construed as challenging the BOP's decision not to give him credit for the 17 months he spent in state custody—as distinct from the sentencing judge's decision not to reduce the sentence by an additional 17 months—the petition would be denied because the record establishes that the 17 months in question were credited toward Petitioner's state sentence, and thus could not be credited toward his federal sentence. *See* Farmer Decl. ¶ 8; 18 U.S.C. § 3585(b).